# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

RAY CASANO, on behalf of himself
and on behalf of all others
similarly situated,

    Plaintiffs,

v.                                                                                       Case No. :

REGULATORY TECHNOLOGY CORPORATION,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RAY CASANO, by and through undersigned counsel, on behalf of himself and the Putative Class set forth below, and in furtherance of the public interest, brings the following Class Action Complaint as of right against Defendant, REGULATORY TECHNOLOGY CORPORATION ("Defendant") under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681 et seq.

## PRELIMINARY STATEMENT

1. Defendant Regulatory Technology Corporation is a corporation with locations across the state of Florida.

2. At all times material hereto, Defendant was subject to personal jurisdiction in the State of Florida under the Florida Long Arm Jurisdiction Act, Fla. Stat. § 48.193. Defendant is subject to personal jurisdiction in Florida, because it caused injury in the State of Florida through its acts and omissions outside of the State of Florida.

3. Defendant routinely obtains and uses information in consumer reports to conduct background checks on prospective and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment action, such as termination, reduction of hours, change in position, failure to hire, and failure to promote.

4. While the use of consumer report information for employment purposes is not per se unlawful, it is subject to strict disclosure and authorization requirements under the FCRA.

5. Defendant willfully violated these requirements in multiple ways, thereby systematically violating Plaintiff's rights and the rights of other putative class members.

6. Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute. Under this subsection of the FCRA, Defendant is required to disclose to its employees – in a document that consists solely of the disclosure – that it may obtain a consumer report on them for employment purposes, prior to obtaining a copy of their consumer report. Id. Defendant willfully violated this requirement by failing to provide Plaintiff and other putative class members with a copy of a document solely consisting of Defendant's disclosure that it may obtain a consumer report on any person for employment purposes, and also by failing to provide this disclosure prior to obtaining a copy of the person's consumer report. Specifically, Defendant included a liability release within its FCRA disclosure form, which reads as follows: "I hereby release the employer and agents, and all persons, agencies, and entities providing information or reports about me from any and all liability arising out of the requests for or release of any of the above mentioned information or reports." This practice violates longstanding regulatory guidance from the Federal Trade Commission ("FTC").

7. Defendant also violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by obtaining consumer reports on Plaintiff and other putative class members without proper authorization, due to the fact that its disclosure forms fail to comply with the requirements of the FCRA.

8. Based on the foregoing violations, Plaintiff asserts FCRA claims against Defendant on behalf of himself and the putative Class, consisting of Defendant's employees and prospective employees.

9. In Counts One and Two, Plaintiff asserts a pair of FCRA claims under 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) on behalf of a "Improper Disclosure and Authorization Class," consisting of:

> **All Regulatory Technology Corporation's employees and job applicants in the United States who were the subject of a consumer report that was procured by Regulatory Technology Corporation within five years of the filing of this complaint through the date of final judgment in this action as required by the FCRA.**

10. On behalf of himself and the Putative Class, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief under the FCRA.

## THE PARTIES

11. Individual and representative Plaintiff Ray Casano ("Plaintiff") lives in New Port Richey, Florida. Plaintiff is former applicant for employment with Defendant, and is a member of the Putative Class defined below.

12. Defendant is a Florida corporation with its principal place of business in Washington D.C. Defendant operates facilities across the state of Florida, including a location in Spring Hill.

## JURISDICTION AND VENUE

13. This Court has federal question jurisdiction over Plaintiff's FCRA claims

under 28 U.S.C. § 1331. This Court also has subject matter jurisdiction over Plaintiff's claims under the FCRA, 15 U.S.C. §§ 1681n and 1681p.

14. Plaintiff resides in New Port Richey, Florida, and worked for Defendant in Hernando County, Florida, which is located in the Middle District. A substantial part of Plaintiff's claims arose in Hernando County, Florida, where Defendant regularly conducts business. Venue is proper in the Middle District because the majority of the events giving rise to these claims occurred in this District.

## ALLEGATIONS REGARDING DEFENDANT'S BUSINESS PRACTICES

### *Background Checks*

15. Defendant conducts background checks on the majority of its job applicants as part of a standard screening process. In addition, Defendant also conducts background checks on existing employees from time to time during the course of their employment.

16. Defendant does not perform these background checks in-house. Rather, Defendant relies on outside consumer reporting firms to obtain this information and send the resulting reports back to Defendant.

17. These reports constitute "consumer reports" within the meaning of the FCRA.

### *FCRA Violations Relating to the Class*

18. Defendant procured consumer report information on Plaintiff in violation of the FCRA.

19. Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, ***in a document that consists solely of the disclosure*** that a consumer report may be obtained for employment purposes; and

4

       (ii)    the consumer has authorized the procurement of the consumer report in writing (which authorization may be made on the document referred to in clause (i)).

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) (emphasis added).

20. Defendant failed to satisfy these disclosure and authorization requirements.

21. Defendant does not have a stand-alone FCRA disclosure or authorization form.

22. This practice violates the plain language of the FCRA, and flies in the face of unambiguous case law and regulatory guidance from the FTC. See E.E.O.C. v. Video Only, Inc., No. 06-1362, 2008 WL 2433841, at *11 (D. Or., June 11, 2008) ("I grant summary judgment of liability that Video Only violated . . . 15 § 1681b(b)(2)(A)(I). This section provides that at any time before the report is procured, a disclosure is made in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes. Video Only disclosed this possibility as part of its job application, which is not a document consisting solely of the disclosure.")

23. Defendant willfully disregarded this case law and regulatory guidance, and willfully violated 15 U.S.C. §§ 1681b(b)(2)(A) by procuring consumer report information on employees without complying with the disclosure and authorization requirements of the FCRA.

**ALLEGATIONS SPECIFIC TO PLAINTIFF**

24. In early October 2015, Plaintiff applied to work for Defendant at its location in Spring Hill, Florida.

25. On October 15, 2015, Defendant extended an offer employment to Plaintiff, contingent on the completion of a criminal background check and drug screening. The position was to begin on November 16, 2015.

5

26. On or around late October 2015, Plaintiff submitted all of the required paperwork to Defendant and Defendant procured a consumer report on Plaintiff.

27. Plaintiff did not hear back from Defendant on the status of his employment and on November 10, 2015, Plaintiff contacted Defendant to confirm that his employment. Defendant replied that the office would not be open until December 1, 2015 and that Plaintiff would be sent a computer to work from home until that date.

28. Plaintiff never received a computer and on November 18, 2015, Defendant informed Plaintiff that the offer of employment had been rescinded.

29. It was unlawful for Defendant to procure a consumer report on Plaintiff without making the disclosures required by the FCRA.

30. In doing so, Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute. Under this subsection of the FCRA, Defendant is required to disclose to its employees – ***in a document that consists solely of the disclosure*** – that it may obtain a consumer report on them for employment purposes, prior to obtaining a copy of their consumer report. Id. Defendant willfully violated this requirement by failing to provide Plaintiff and the putative Class with a copy of a document consisting solely of the disclosure that Defendant may obtain a consumer report on Plaintiff and the putative Class for employment purposes, prior to obtaining a copy of their consumer reports. This practice violates longstanding regulatory guidance from the FTC.

31. Also in violation of 15 U.S.C. §§ 1681b(b)(2)(A)(i), Defendant unlawfully inserted liability release provisions into forms purporting to grant Defendants authority to obtain

and use consumer report information for employment purposes. The FCRA forbids this practice, since it mandates that all forms granting the authority to access and use consumer report information for employment purposes be "stand-alone forms" that do not include any additional agreements. Defendant's decision to include a liability release provision in its authorization forms is contrary to both the plain language of the FCRA and to unambiguous regulatory guidance provided by the FTC.

32. Specifically, Defendant's Background Check Disclosure form, attached as Exhibit A, demonstrates Defendant's intent to conduct a background check while simultaneously purporting to release Defendant from any liability in relation to the background check in the event that any information obtained proves erroneous. The release reads as follows: "I hereby release the employer and agents, and all persons, agencies, and entities providing information or reports about me from any and all liability arising out of the requests for or release of any of the above mentioned information or reports."

33. The inclusion of this release provision in Defendant's disclosure and release form violates the FCRA. Since 1998, the FTC has specifically warned that "inclusion of such a waiver [of liability] in a disclosure form will violate Section (b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes."

34. Defendant willfully disregarded this regulatory guidance and willfully violated 15 U.S.C. § 1681b(b)(2)(A) by procuring consumer report information on employees without complying with the disclosure and authorization requirements of the FCRA.

35. The FCRA also requires employers to provide notice at three different periods: (1) before an employer requests and/or procures a consumer report, it must provide notice to the

employee in a "stand-alone" document, and must also receive written authorization from the employee (referred to as "Disclosure and Authorization"); (2) once an employer obtains a consumer report on an employee and before an employer can take adverse action against this same employee, it must first provide the employee with a copy of the report, and provide the employee with a description of the employee's rights under the FCRA (referred to as "Pre-Adverse Action Notice"); and (3) once an employer takes adverse action, it must notify the employee that (i) it is taking adverse action based on the information contained in the employee's consumer report, (ii) it is providing the employee with the name, address, and telephone number of the consumer reporting agency that furnished the consumer report, (iii) it is providing the employee with a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer with specific reasons as to why the adverse action was taken, (iv) it is providing the employee with notice of the employer's rights as a consumer to obtain...a free copy of the consumer report on the consumer from the consumer reporting agency...[within] the 60–day period," and (v) it is providing the employee with "notice of the consumer's right to dispute...with a consumer reporting agency the accuracy or completeness of any information in a consumer repot furnished by the agency [(referred to as "Post-Adverse Action Notice")]." See 15 U.S.C. §§ 1681b and 1681m.

36. Defendant failed to satisfy the requirements of the Disclosure and Authorization Notice when it procured Plaintiff's consumer report without providing the proper disclosure under the FCRA.

## CLASS ACTION ALLEGATIONS

37. Plaintiff asserts claims under Counts 1 and 2 of this Complaint on behalf of a Class defined as follows:

8

**All Regulatory Technology Corporation's employees and job applicants in the United States who were the subject of a consumer report that was procured by Regulatory Technology Corporation within five years of the filing of this complaint through the date of final judgment in this action as required by the FCRA.**

38.   <u>Numerosity</u>:   The members of the Putative Class are so numerous that joinder of all Class members is impracticable.  Defendant regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for taking adverse employment action. Plaintiff is informed and believes that during the relevant time period, thousands of Defendant's employees and prospective employees satisfy the definition of the Putative Class.

39.   <u>Typicality</u>:   Plaintiff's claims are typical of those of the members of the Putative Class. Defendant typically uses consumer reports to conduct background checks on employees and prospective employees.  Defendant typically does not provide copies of consumer reports to employees or prospective employees before taking adverse action against them, based on information contained in such reports. The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

40.   <u>Adequacy</u>:   Plaintiff will fairly and adequately protect the interests of the Putative Class, and has retained counsel experienced in complex class action litigation.

41.   <u>Commonality</u>: Common questions of law and fact exist as to all members of the Putative Class, and predominate over any questions solely affecting individual members of the Putative Class. These common questions include, but are not limited to:

>   a.   Whether Defendant uses consumer report information to conduct background checks on employees and prospective employees;

    b. Whether Defendant's background check practices and/or procedures comply with the FCRA;

    c. Whether Defendant violated the FCRA by procuring consumer report information without making proper disclosures in the format required by the statute;

    d. Whether Defendant violated the FCRA by procuring consumer report information based on invalid authorizations;

    e. Whether Defendant's violations of the FCRA were willful;

    f. The proper measure of statutory damages; and

    g. The proper form of injunctive and declaratory relief.

42. This case is maintainable as a class action because prosecution of actions by or against individual members of the Putative Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual Class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, thereby impeding their ability to protect their interests.

43. This case is also maintainable as a class action because Defendant has acted or refused to act on grounds that apply generally to the Putative Class, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Class as a whole.

44. Class certification is also appropriate under because questions of law and fact common to the Putative Class predominate over any questions affecting only individual members of the Putative Class, and also because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct, which is described in this Complaint, stems from common and uniform policies and practices,

resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claim for damages is small in comparison to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any foreseeable difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single action, brought in a single forum.

45. Plaintiff intends to send notice to all members of the Putative Class to the extent required by Rule 23. The names and addresses of the Putative Class members are readily available from Defendant's records.

### FIRST CLAIM FOR RELIEF
### Failure to Make Proper Disclosure in Violation of FCRA
### 15 U.S.C. § 1681b(b)(2)(A)(i)

46. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

47. In violation of the FCRA, the background check that Defendant required the Class to complete as a condition of their employment with Defendant does not satisfy the disclosure requirements of 15 U.S.C. § 1681b(b)(2)(A)(i), because Defendant failed to provide a stand-alone document pertaining to how the consumer report information would be obtained and utilized.

48. Defendant violated the FCRA by procuring consumer reports on Plaintiff and other Class members without first making proper disclosures in the format required by 15 U.S.C. § 1681b(b)(2)(A)(i). Namely, these disclosures had to be made: (1) before Defendant

actually procured consumer reports, and (2) in a stand-alone document, clearly informing Plaintiff and other Class members that Defendant might procure a consumer report on each of them for purposes of employment.

49. The foregoing violations were willful. Defendant knew that it was required to provide a stand-alone form prior to obtaining and then utilizing a consumer report on any of the Class members. By failing to do so, Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Class members under 15 U.S.C. § 1681b(b)(2)(A)(i). Defendant knew or should have known of its legal obligations under the FCRA. These obligations are well established in both the plain language of the FCRA and in the promulgations of the Federal Trade Commission. Defendant obtained, or had available to it, substantial written materials that apprised it of its duties under the FCRA. Any reasonable employer would know of, or could easily discover, the FCRA's mandates.

50. Plaintiff and the Class are entitled to statutory damages of not less than one hundred Dollars ($100) and not more than one thousand Dollars ($1,000) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

51. Plaintiff and the Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

### SECOND CLAIM FOR RELIEF
### Failure to Obtain Proper Authorization in Violation of FCRA
### 15 U.S.C. § 1681b(b)(2)(A)(ii)

52. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

53. Defendant violated the FCRA by procuring consumer reports relating to

Plaintiff and other Class members without proper authorization. See 15 U.S.C. § 1681b(b)(2)(A)(ii).

54. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Class members under 15 U.S.C. § 1681b(b)(2)(A)(ii). Defendant knew or should have known of its legal obligations under the FCRA. These obligations are well established in both the plain language of the FCRA and in the promulgations of the Federal Trade Commission. Defendant obtained, or had available to it, substantial written materials that apprised it of its duties under the FCRA. Any reasonable employer would know of, or could easily discover, the FCRA's mandates.

55. Plaintiff and the Class are entitled to statutory damages of not less than one hundred Dollars ($100) and not more than one thousand Dollars ($1,000) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

56. Plaintiff and the Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

**PRAYER FOR RELIEF**

57. ***WHEREFORE***, Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

    A.    Determining that this action may proceed as a class action;

    B.    Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

    C.    Issuing proper notice to the Putative Class at Defendant's expense;

    D.    Declaring that Defendant committed multiple, separate violations of the FCRA;

E. Declaring that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

F. Awarding statutory damages as provided by the FCRA, including punitive damages;

G. Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

H. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff and the Putative Class demand a trial by jury for all issues so triable.

Dated this 13 day of January, 2016.

Respectfully submitted,

**DONNA V. SMITH**
Florida Bar No. 0661201
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue
Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-386-0995
Facsimile No.: 813-229-8712
Email: dsmith@wfclaw.com
Email: mcambronero@wfclaw.com
**Attorneys for Plaintiff**